1  MICHAEL VON LOEWENFELDT (178665)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105-1528
   Tel: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendant
   U.S. FOODSERVICE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PIROOZ HAGHIGHI, an individual, | Case No. C 07-02946 MEJ |
| Plaintiff, | **ANSWER BY DEFENDANT U.S. FOODSERVICE, INC.** |
| vs. | |
| U.S. FOODSERVICE, INC.; and DOES 1–10, inclusive. | |
| Defendants. | |

Defendant U.S. Foodservice, Inc. ("Defendant"), answers Plaintiff's Complaint as follows:

### FIRST CAUSE OF ACTION

1. Answering paragraph 1 of the Complaint, Defendant admits that Plaintiffs purport to be unaware of the names or capacities of Defendants sued under fictitious names Does 1-10. Defendant lacks sufficient information and belief as to the identity and capacity of the Doe Defendants, and on that basis denies each and every remaining allegation contained in said paragraph.

2. Answering paragraph 2 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

3. Answering paragraph 3 of the Complaint, Defendant admits that Plaintiff was employed by Defendant. Defendant denies that Plaintiff's employment was pursuant to a written employment contract, and avers that the letter attached as Exhibit A to the Complaint speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

4. Answering paragraph 4 of the Complaint, Defendant admits the allegations contained in said paragraph.

5. Answering paragraph 5 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

6. Answering paragraph 6 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

7. Answering paragraph 7 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

8. Answering paragraph 8 of the Complaint, Defendant admits that Plaintiff's employment was terminated, but denies that the date of such termination was September 19, 2006. Defendant denies each and every remaining allegation contained in said paragraph.

9. Answering paragraph 9 of the Complaint, Defendant denies each and every allegation contained in said paragraph.



## SECOND CAUSE OF ACTION

10. Answering paragraph 10 of the Complaint, Defendant incorporates by reference its answers to the whole of Plaintiff's first cause of action.

11. Answering paragraph 11 of the Complaint, Defendant admits that Paul DeMarco is a District Sales Manager for Defendant. Defendant denies each and every remaining allegation contained in said paragraph.

12. Answering paragraph 12 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

13. Answering paragraph 13 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

14. Answering paragraph 14 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

15. Answering paragraph 15 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

16. Answering paragraph 16 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

17. Answering paragraph 17 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

## ADDITIONAL DEFENSES

Defendant asserts the following additional defenses to the Complaint. These additional defenses are applicable to all causes of action unless otherwise specified.

## FIRST ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 337, 338, and 339.



### THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was an at-will employee, and therefore Plaintiff's employment could be terminated at any time.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if Plaintiff's employment was for a specified term, Defendant had the right to terminate Plaintiff's employment pursuant to California Labor Code section 2924 because of Plaintiff's willful breach of duty, habitual neglect of his duty as an employee, or continued incapacity to perform his duty as an employee.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the agreements, representations or contracts alleged in the Complaint, to the extent any were made, were not made by a person with authority to act on Defendant's behalf with respect to any such agreement, representation or contract.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to perform his duties or obligations arising out of any and all agreements, representations or contracts alleged in the Complaint, to the extent any such agreements, representations or contracts were made.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant duly performed, satisfied and discharged all duties and obligations that it may have owed to Plaintiff arising out of any and all agreements, representations or contracts alleged in the Complaint, to the extent any such agreements, representations or contracts were made.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not make any fraudulent misrepresentations or omissions to Plaintiff.

### NINTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligence in connection with the matters alleged in the Complaint.



**TENTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of justifiable reliance on the purported misrepresentations alleged in the Complaint.

**ELEVENTH ADDITIONAL DEFENSE**

Plaintiff, has failed, and continues to fail, to reasonably mitigate, minimize, or avoid any damages he has allegedly sustained, and recovery against Defendant, if any, must be reduced accordingly.

**TWELFTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to and/or approved of Defendant's alleged conduct, statements, and/or omissions.

**FOURTEENTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because all of the alleged acts were privileged and/or justified.

**FIFTEENTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct and activities as alleged in the Complaint and any alleged violation of law, if it occurred, was non-willful and unintentional.

**SIXTEENTH ADDITIONAL DEFENSE**

To the extent Defendant is liable, if at all, for the claims of Plaintiff, the fact and extent of which Defendant denies, Defendant is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties, individuals or other entities responsible for those claims.

**SEVENTEENTH ADDITIONAL DEFENSE**

Any damage sustained by Plaintiff, the fact and extent of which is expressly denied, was either wholly or in part proximately caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract,



or any other type of fault, of persons, firms, corporations, or entities other than Defendant, for which Defendant is not responsible. Said intentional conduct, negligence, or fault bars recovery against Defendant or comparatively reduces the percentage of fault or negligence, if any, of Defendant.

### EIGHTEENTH ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, does not state facts sufficient to form a basis for obtaining punitive damages.

### NINETEENTH ADDITIONAL DEFENSE

Plaintiff is barred from obtaining punitive damages because such punitive damages would violate Defendant's rights under the United States and California Constitutions.

### TWENTIETH ADDITIONAL DEFENSE

Plaintiff is barred from obtaining punitive damages because Paul DeMarco is not an officer, director, or managing agent of the Defendant within the meaning of Civil Code section 3294, and punitive damages are not otherwise available against the defendant pursuant to Civil Code section 3294(b).

### RESERVATION OF RIGHT

Defendant is presently without knowledge or information sufficient to form a belief as to whether it has additional defenses. Accordingly, Defendant reserves the right to assert additional defenses if Defendant becomes aware of the existence of additional defenses during discovery.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint, and further prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint.
2. For dismissal with prejudice of the Complaint
3. That Defendant be awarded its costs in this action, including reasonable attorneys' fees.

1  4. For such other and further relief as the Court deems just and proper.

3  DATED: June 13, 2007  **KERR & WAGSTAFFE LLP**

By _____s/_____
ADRIAN J. SAWYER
Attorneys for Defendant
U.S. FOODSERVICE, INC.